IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FRANKLIN E. LONG, | : | CASE NO. 3:09 CV 01778 |
| Plaintiff, | : | JUDGE: Jack Zouhary |
| v. | : | |
| DIVERSIFIED COLLECTION SERVICES, INC., | : | **ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT** |
| | : | |
| Defendant. | | |

Now comes Defendant Diversified Collection Services, Inc., by and through counsel, and for its Answer to Plaintiff's Complaint, provides as follows:

**FIRST DEFENSE**

Defendant denies the allegations contained in the Introduction paragraph of Plaintiff's Complaint.

1. Admitted.

2. Admitted.

3. Admitted that this Court has subject matter jurisdiction over Plaintiff's federal law claims. All other allegations contained in paragraph 3 of the Complaint are denied.

4. Admitted.

5. Defendant denies that it "engage[ed] in commerce in Hancock County." Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint, and therefore denies said allegations.

6. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies said allegations.

7. Denied.

8. Admitted.

9. Admitted.

10. Admitted that Defendant viewed Plaintiff's credit report on April 7, 2005, November 18,

2005, and April 20, 2006. All other allegations contained in paragraph 10 of the Complaint are denied.

11. Admitted that Defendant viewed Plaintiff's credit report on May 23, 2006. All other allegations contained in paragraph 11 of the Complaint are denied.

12. Admitted.

13. Admitted.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies said allegations.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies said allegations.

16. Admitted that in June of 2008, Great Lakes again referred Plaintiff's account to Defendant for collection. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint, and therefore denies said allegations.

17. Admitted that Defendant viewed Plaintiff's credit report on June 13, 2008. All other allegations contained in paragraph 17 of the Complaint are denied.

18. Admitted.

19. Denied.

20. Admitted that on or about July 18, 2008, Defendant forwarded correspondence to Plaintiff. All other allegations contained in paragraph 20 of the Complaint are denied.

21. Admitted that on July 21, 2008, Defendant telephoned Plaintiff. All other allegations contained in paragraph 21 of the Complaint are denied.

22. Denied.

23. Admitted that on August 12, 2008, Defendant telephoned Plaintiff. All other allegations contained in paragraph 23 of the Complaint are denied.

24. Admitted that Defendant viewed Plaintiff's credit report on December 15, 2008. All other allegations contained in paragraph 24 of the Complaint are denied.

25. Admitted.

26. All allegations incorporated by reference in paragraph 26 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise

    admitted and denied herein.

27. Denied.

28. Denied.

29. Denied.

30. All allegations incorporated by reference in paragraph 30 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

31. Denied.

32. Denied.

33. All allegations incorporated by reference in paragraph 33 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

34. Denied.

35. Denied.

36. All allegations incorporated by reference in paragraph 36 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

37. Denied.

38. Denied.

39. All allegations incorporated by reference in paragraph 39 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. All other allegations of the Complaint not otherwise specifically admitted or denied herein are denied.

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred by the applicable statute of limitations.

2. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. Plaintiff failed to mitigate any damages which he may have suffered, if any.

4. Plaintiff has failed to join all indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure.

5. Plaintiff has suffered no compensable damages.

6. Defendant did not make any false or misleading representations to Plaintiff or anyone else.

7. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

8. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account at issue.

9. Plaintiff has failed to state a claim upon which relief can be granted.

10. All amounts attempted to be collected by Defendant from Plaintiff were pursuant to Plaintiff's agreements to pay said amounts.

11. At all times Defendant acted in good faith, reasonably and lawfully.

12. If Plaintiff was injured or damaged, any and all such injury or damage was as a proximate result of the intervening and/or superseding acts and/or omissions of persons and/or entities not under the control of Defendant.

13. If Plaintiff was injured or damaged, any and all such injury or damage was as a proximate

result of the combined negligence of Plaintiff, and persons and/or entities not under the control of Defendant.

WHEREFORE, Defendant Diversified Collection Services, Inc. hereby requests that this Court dismiss Plaintiff's Complaint with an Order that Defendant's attorney fees and costs be paid as provided under applicable law.

                            Respectfully submitted,

                            s/John P. Langenderfer
                            Jeffrey C. Turner (0063154)
                            John P. Langenderfer (0079094)
                            SURDYK, DOWD & TURNER CO., LPA
                            1 Prestige Place, Suite 700
                            Miamisburg, Ohio 45342
                            Tel. (937) 222-2333
                            Fax (937) 222-1970
                            jturner@sdtlawyers.com
                            jlangenderfer@sdtlawyers.com
                            Attorneys for Defendant Diversified Collection
                            Services

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the court's CM/ECF system on January 13, 2010, and served via regular U.S. Mail which will send notification of such filing to the following:

    Franklin E. Long
    Apartment # 130
    461 West Lytle Street
    Fostoria, Ohio 44830
    *Pro se Plaintiff*

                            s/John P. Langenderfer
                            John P. Langenderfer (0079094)